FILED
JUL 2 0 2017
CLERK, US DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 2:17cr 120 |
| | ) | |
| v. | ) | |
| | ) | 18 U.S.C. § 1001(a) |
| SHIVAM PATEL, | ) | False Statements |
| | ) | (Counts 1-2) |
| Defendant. | ) | |
| | ) | 18 U.S.C. § 1542 |
| | ) | False Statement in Application for Passport |
| | ) | (Count 3) |
| | ) | |
| | ) | 18 U.S.C. § 982(a)(6)(A) |
| | ) | Criminal Forfeiture |

INDICTMENT

JULY 2017 TERM – at Norfolk, Virginia

THE GRAND JURY CHARGES THAT:

COUNT ONE

On or about December 13, 2016, in the Eastern District of Virginia, the defendant, SHIVAM PATEL, did knowingly and willfully falsify, conceal, and cover up by a trick, scheme, and device a material fact, and the defendant made materially false, fictitious, and fraudulent statements and representations, and the defendant made and used a false writing and document knowing the same to contain a materially false, fictitious, and fraudulent statement and entry, in a matter within the jurisdiction of the executive branch of the Government of the United States. In particular, PATEL falsely told a recruiter for the United States Army that over the past seven years he had traveled abroad only once, to India, when in fact PATEL recently traveled to China and then Jordan, where he was detained and returned to the United States. Additionally, PATEL, after stating that he understood that withholding, representing, or falsifying information

on the Army's Applicant Questionnaire, would be a violation of Title 18, United States Code, Section 1001, again made materially false, fictitious, and fraudulent statements and representations on that form, including by stating that over the past seven years he had traveled abroad only once, to India, when in fact PATEL recently traveled to China and then Jordan.

PATEL's false statements were material to the United States Army's evaluation of PATEL's fitness as an applicant to the United States Army and ability to obtain a security clearance from the United States Government. PATEL's statements were false, fictitious, and fraudulent in that, as PATEL well knew, in 2016, PATEL traveled to China and Jordan. PATEL's statement that his only travel abroad over the past seven years had been to India was a trick, scheme, and device intended to falsify, conceal, and cover up PATEL's personal and travel history, and to mislead the United States Army into accepting his application to join the United States Army. By including false information on the Applicant's Questionnaire that PATEL completed and submitted as part of his application to join the United States Army, PATEL also used a false writing and document knowing the same to contain a materially false, fictitious, and fraudulent statement and entry.

(In violation of Title 18, United States Code, Section 1001(a).)

## COUNT TWO

On or about January 30, 2017, in the Eastern District of Virginia, the defendant, SHIVAM PATEL, did knowingly and willfully falsify, conceal, and cover up by a trick, scheme, and device a material fact, and the defendant made materially false, fictitious, and fraudulent statements and representations, and the defendant made and used a false writing and document knowing the same to contain a materially false, fictitious, and fraudulent statement and entry, in a matter within the jurisdiction of the executive branch of the Government of the United States. In particular, PATEL made materially false, fictitious, and fraudulent statements and representations on Form SF-86, Questionnaire for National Security Positions, including by stating that over the past seven years he had traveled abroad only once, to India, when in fact PATEL recently traveled to China and then Jordan, where he was detained and returned to the United States.

PATEL's statements were material to the United States Air Force's evaluation of PATEL's fitness as an applicant to the United States Air Force and ability to obtain a security clearance from the United States Government. PATEL's statements were false, fictitious, and fraudulent in that, as PATEL well knew, in 2016, PATEL traveled to China and Jordan. PATEL's statement that his only travel abroad over the past seven years had been to India was a trick, scheme, and device intended to falsify, conceal, and cover up PATEL's personal and travel history, and to mislead the United States Air Force into accepting his application to join the United States Air Force. By including false information on the Form SF-86 that PATEL completed and submitted as part of his application to join the United States Air Force, PATEL

3

also used a false writing and document knowing the same to contain a materially false, fictitious, and fraudulent statement and entry.

(In violation of Title 18, United States Code, Section 1001(a).)

### COUNT THREE

On or about December 15, 2016, in the Eastern District of Virginia, the defendant, SHIVAM PATEL, willfully and knowingly did make a materially false statement in an application for a passport with the intent to induce and secure the issuance of a passport under the authority of the United States, for his own use, contrary to the laws regulating the issuance of passports and the rules prescribed pursuant to such laws, in that in an Application for Passport the defendant stated his United States passport was accidentally thrown in the garbage, when in truth and in fact, the passport was not accidentally thrown in the garbage; the passport was recovered from a motel where PATEL was residing in July 2017.

(In violation of Title 18, United States Code, Section 1542.)

4

## FORFEITURE ALLEGATION

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE TO BELIEVE THAT, AND ALLEGES THAT:

1. The defendant, SHIVAM PATEL, if convicted of the violation alleged in Count Three of this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2:

    a. Any property, real or personal, which constitutes, is derived from, or is traceable to the proceeds obtained, directly or indirectly, as a result of the violation;

    b. Any conveyance, including any vessel, vehicle, or aircraft used in the commission of the violation; and

    c. Any property, real or personal, that is used to facilitate, or is intended to be used to facilitate, the commission of the violation.

2. If any property that is subject to forfeiture above, as a result of any act or omission of the defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property that cannot be divided without difficulty, it is the intention of the United States to seek forfeiture of any other property of the defendant, as subject to forfeiture under Title 21, United States Code, Section 853(p).

(In accordance with Title 18, United States Code, Section 982(a)(6)(A).)

5

UNITED STATES v. SHIVAM PATEL,
CRIMINAL NO. 2:17CR 120

Sealed Pursuant to the
E-Government Act of 2002

A TRUE BILL

**REDACTED COPY**

_____
FOREPERSON

DANA J. BOENTE
UNITED STATES ATTORNEY

By: _____
Andrew Bosse
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number: (757) 441-6331
Facsimile Number: (757) 441-6689
E-mail Address: andrew.bosse@usdoj.gov