# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Norfolk Division

UNITED STATES OF AMERICA

v.

SHIVAM PATEL
a/k/a Shivam Rashmikant Patel
Defendant.

Case Number:   2:17cr120

USM Number:   91285-083

Defendant's Attorney:   Timothy Clancy

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts 1 and 3 of the Indictment.

Accordingly, the defendant is adjudged guilty of the following counts involving the indicated offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| T. 18, USC Section 1001(a) | Making False Statement and False Writing in a Matter within the Jurisdiction of the Executive Branch of the United States | Felony | December 13, 2016 | 1 |
| T. 18, USC Section 1542 | Making False Statement in an Application for a Passport | Felony | December 15, 2016 | 3 |

On motion of the United States, the Court has dismissed the remaining counts in the indictment as to defendant SHIVAM PATEL.

As pronounced on June 4, 2018, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this 5th day of June, 2018.

/s/ MSD

Mark S. Davis
United States District Judge

Case Number: 2:17cr120
Defendant's Name: PATEL, SHIVAM

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **SIXTY (60) MONTHS**. This term of imprisonment consists of a term of THIRTY (30) MONTHS on Count 1 and a term of SIXTY (60) MONTHS on Count 3, all to be served concurrently.

The Court makes the following recommendations to the Bureau of Prisons:

1) The defendant shall be incarcerated in a facility as close to the Virginia area as possible.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows: _____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case Number: 2:17cr120
Defendant's Name: PATEL, SHIVAM

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **SIX (6) YEARS**. This term consists of a term of THREE (3) YEARS on Count 1 and a term of THREE (3) YEARS on Count 3, all to run consecutively.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall not unlawfully possess a controlled substance.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:
1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| | |
|---|---|
| Case Number: | 2:17cr120 |
| Defendant's Name: | PATEL, SHIVAM |

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall participate in a program approved by the United States Probation Office for mental health treatment. The costs of these programs are to be paid by the defendant as directed by the Probation Officer.

2) If he tests positive for illicit drugs, the defendant shall participate in a program approved by the United States Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, with partial costs to be paid by the defendant, all as directed by the probation officer.

3) The defendant shall waive all rights of confidentiality regarding substance abuse/mental health treatment in order to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.

4) The defendant shall not have any contact with any known or purported members of any designated foreign terrorist organization during his period of supervision.

5) The defendant shall comply with the requirements of the computer monitoring program as administered by the Probation Office. The defendant shall consent to installation of computer monitoring software on any computer to which the defendant has access. Installation shall be performed by the probation officer. The software may restrict and/or record any and all activity on the computer, including the capture of keystrokes, application information, internet use history, email correspondence, and chat conversations. A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software. The defendant shall also notify others of the existence of the monitoring software. The defendant shall not remove, tamper with, reverse engineer, or in any way circumvent the software. The costs of the monitoring shall be paid by the defendant.

6) During the term of supervision, the defendant shall not possess or utilize any video gaming system, console, or other such device which would enable contact and/or the sharing of data with other individuals known or unknown to the defendant.

Case Number: 2:17cr120
Defendant's Name: PATEL, SHIVAM

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $2,000.00 | $0.00 |
| 3 | $100.00 | $2,000.00 | $0.00 |
| **TOTALS:** | **$200.00** | **$4,000.00** | **$0.00** |

# FINES

The defendant shall pay a fine of $4,000.00 ($2,000.00 on each count).

| | |
|---|---|
| Case Number: | 2:17cr120 |
| Defendant's Name: | PATEL, SHIVAM |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

The special assessment and fine shall be due in full immediately.

Any balance remaining unpaid on the special assessment and fine at the inception of supervision, shall be paid by the defendant in installments of not less than $150.00 per month, until paid in full. Said payments shall commence 60 days after defendant's supervision begins.

At the time of supervision commences, the probation officer shall take into consideration the defendant's economic status as it pertains to his ability to pay the special assessment and fine and shall notify the court of any changes that may be needed to be made to the payment schedule.

Any special assessment and fine may be subject to penalties for default and delinquency.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.

Since this judgment imposes a period of imprisonment, payment of criminal monetary penalties, including the special assessment, shall be due during the period of imprisonment. All criminal monetary penalty payments, including the special assessment, are to be made to the Clerk, United States District Court, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.